29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert W. SHEPARD, Plaintiff-Appellant,
v.
TELEDYNE RYAN AERONAUTICAL, Defendant-Appellee.
 No. 93-56464.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 16, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert W. Shepard appeals pro se the district court's summary judgment for defendant Teledyne Ryan Aeronautical ("Teledyne") in Shepard's employment discrimination action. Shepard contends Teledyne discriminated against him on account of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Secs. 621-34. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's summary judgment. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the law. Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir.1990). To demonstrate a genuine issue, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Lindahl, 930 F.2d at 1437.
 
 
 4
 The shifting burden of proof applied to Title VII discrimination claims also applies to claims arising under the ADEA. Rose, 902 F.2d at 1420. Under this scheme, the plaintiff must first establish a prima facie case of discrimination. Id. If the plaintiff succeeds in doing so, the burden shifts to the employer to produce evidence that it had legitimate, nondiscriminatory reasons for its employment decision. Id. If the employer carries this burden, the plaintiff must "prove by a preponderance of all the evidence that the legitimate reasons offered by the [employer] were a pretext for discrimination." Id. (quotations omitted). Here, the district court granted summary judgment for Teledyne on the grounds (1) Shepard failed to establish a prima facie case of discrimination, (2) Teledyne offered legitimate, nondiscriminatory reasons for its decision to layoff Shepard, and (3) Shepard failed to prove Teledyne's reasons were a pretext for discrimination.
 
 
 5
 Shepard contends the district court erred by finding he failed to establish a prima facie case of discrimination. This contention has merit.
 
 
 6
 In a reduction-in-force case such as this one, the plaintiff may establish a prima facie case of age discrimination by demonstrating (1) he was a member of the protected class (ages 40-70), (2) he was discharged from a job for which he was qualified, and (3) others not in the protected class were treated more favorably. See Washington v. Garrett, 10 F.3d 1421, 1434 (9th Cir.1993). Here, it is undisputed that Shepard is a member of the protected class, that he is qualified for the job from which he was discharged, and that another employee who is not a member of the protected class was treated more favorably. With regard to the latter, it is undisputed that Andrew Haikalis, an employee in Shepard's department who was both younger and less senior than Shepard, was retained by Teledyne. The district court therefore erred by finding Shepard failed to establish a prima facie case of age discrimination.[1]
 
 
 7
 We nevertheless agree with the district court that Teledyne produced evidence that Shepard was laid off for legitimate, nondiscriminatory reasons and that Shepard failed to raise a genuine issue of material fact as to whether those reasons were merely a pretext for discrimination.
 
 
 8
 It is undisputed that Teledyne was reducing its workforce in response to adverse economic circumstances and that Shepard was laid off pursuant to this reduction in force. In support of its motion for summary judgment, Teledyne offered the declaration of James Rushing, who was Shepard's supervisor during much of the time Shepard was employed by Teledyne. It was Rushing who recommended that Shepard be laid off. Rushing stated that Shepard's duties were less critical to the department and were more easily divided among the other employees in the department than Haikalis's duties. Rushing also stated that Shepard's job evaluations were generally only average while Haikalis's recent evaluations had been outstanding, and that other employees had complained of Shepard's use of crude or sexual language, of difficulties in working with Shepard, and of Shepard's poor performance and reluctance to perform certain tasks. Rushing stated that Shepard had poor relations with other employees and had a negative attitude toward some tasks that were assigned to him. Rushing's statements were corroborated by affidavits submitted by several of Shepard's former co-workers pursuant to the Equal Employment Opportunity Commission's investigation of Shepard's EEO complaint.
 
 
 9
 In opposing Teledyne's motion for summary judgment, Shepard agreed that Rushing was in the best position to determine the needs of the department and to evaluate the job performance of the department's employees. Shepard also agreed that Rushing recommended that Shepard be laid off based upon Rushing's analysis of the needs of the department and an evaluation of the department's employees. Given this evidence, we conclude that Teledyne carried its burden of showing it had legitimate, nondiscriminatory reasons for laying off Shepard. See Rose, 902 F.2d at 1420.
 
 
 10
 It was thus incumbent on Shepard to show that the reasons articulated by Teledyne were a pretext. See id. This he failed to do.
 
 
 11
 There is no direct evidence of age discrimination in the record. Indeed, the only direct evidence on this issue is Rushing's statement in his declaration that Shepard's age was not a factor in his decision to recommend that Shepard be laid off.
 
 
 12
 Shepard's principal evidence of pretext is simply that Teledyne retained Haikalis while laying off Shepard. It is undisputed, however, that Shepard's former duties have been assumed by James Rushing and J.J. Frisella, both of whom are older than Shepard, and by E.A. Muyco, who, although younger, had more seniority than Shepard. The fact that Shepard's duties have been assumed at least in part by older employees suggests there was no discrimination. See Palmer v. United States, 794 F.2d 534, 537 (9th Cir.1986).
 
 
 13
 Moreover, while Shepard asserts that he was more qualified and performed better than Haikalis, it is undisputed that Rushing determined that Haikalis's duties were more critical to the department, that Haikalis had more experience in those duties, and that Shepard either did not perform those duties or did so reluctantly. Thus, the mere fact that Teledyne retained Haikalis instead of Shepard does not support Shepard's claim of pretext.
 
 
 14
 Shepard also appears to make much of the fact that he had more seniority than Haikalis. Teledyne's policy regarding layoffs, however, contemplates that such decision are made primarily on the basis of merit, and that seniority is given only such consideration as is required by union contract provisions or other company policy. Thus, the mere fact that Shepard had more seniority than Haikalis does not support his claim of pretext.
 
 
 15
 Shepard contends that Teledyne laid him off to avoid paying his higher salary and other costs, such as pension and social security contributions. He also contends that Teledyne divided his duties among older employees to avoid a discrimination charge. The record, however, contains no evidence to support either of these contentions.
 
 
 16
 Finally, Shepard contends the district court erred by granting summary judgment before he was able to discover the statistical evidence he needed to support his claim. Shepard apparently sought discovery of the personnel files of 79 other employees who were laid off at about the same time as Shepard to determine whether there is a pattern of age discrimination.
 
 
 17
 The problem with Shepard's contention is that, although he alluded below to needing more time for discovery, he never invoked the provisions of Fed.R.Civ.P. 56(f) as he was permitted to do. More important, Shepard has not explained how discovery of the other employees' files would show that Teledyne did not have legitimate, nondiscriminatory reasons for laying off Shepard. Accordingly, the district court did not err by granting summary judgment without allowing Shepard more time for discovery.[2]
 
 
 18
 In sum, Shepard failed to raise a genuine issue of material fact as to whether Teledyne's legitimate, nondiscriminatory reasons for laying off Shepard were a pretext for discrimination. Therefore, the district court did not err by granting summary judgment for Teledyne.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Shepard's motion to file a late reply brief is granted. The reply brief received on March 25, 1994 shall be filed as of that date
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court only considered whether Shepard established the traditional elements for a prima facie case of age discrimination. To do so, Shepard had to show he "(1) was a member of the protected class [age 40-70]; (2) was performing his job in a satisfactory manner; (3) was discharged; and (4) was replaced by a substantially younger employee with equal or inferior qualifications." Rose, 902 F.2d at 1421. In Washington, this court made clear that the elements of a prima facie case of employment discrimination are different when the employment action involved is a reduction in force. See Washington, 10 F.3d at 1433
 
 
 [2]
 We note that of the 11 employees in Shepard's department prior to his layoff, only Shepard and another, younger employee were laid off. Of the nine employees retained, four were older than Shepard and four had more seniority. Haikalis was the only one who was younger and had less seniority than Shepard